ican Tobacco Co., 73 Hun, 87, 25 N. Y. Supp. 1036; Jackson v. Alpha Portland Cement Co., 122 App. Div. 345, 106 N. Y. Supp. 1052), or to continue his services for any definite period, acquiesced in by the defendant. These elements cannot be supplied by the implication of a covenant to perform services, as was done in Moran v. Standard Oil Co., 211 N. Y. 187, 105 N. E. 217, and Grossman v. Schenker, 206 N. Y. 466, 100 N. E. 39.

[2] In any view, the failure of the parties to fix any term for the continuance of the agreement left it, if there were any agreement at all, as one terminable at will. In reaching this conclusion I may say that I do not confine myself merely to the language of the testimony in the extract which I have quoted, but have taken into consideration all the evidence given by plaintiff as to the terms of his so-called employment.

[3] Although the absence of a specified term for the continuance of the contract does not appear to have been urged in so many words, on defendant's motion to dismiss the complaint, nevertheless, defendant stated as its first ground that "the contract is too indefinite and uncertain," which I think sufficiently indicates both objections to which I have referred, although defendant apparently laid more stress on the absence of proof upon which any definite measure of damages could be predicated.

[4] Even if, however, the precise points were not separately and clearly urged, defendant may avail of them on this appeal, since the objection is not as to a defect in formal proof (Ramsay v. Miller, 202 N. Y. 72, 95 N. E. 35), but that "no cause of action has been established by the plaintiff" (Shotwell v. Dixon, 163 N. Y. 43, 57 N. E. 178; Miller v. Barnett, 158 App. Div. 862, 868, 869, 144 N. Y. Supp. 40).

Judgment reversed, with costs, and complaint dismissed, with costs of the action. All concur.

---

(95 Misc. Rep. 522)

WOLFERT v. LIVERPOOL & LONDON & GLOBE INS. CO., LIMITED, OF LIVERPOOL, ENG.

(Supreme Court, Appellate Term, First Department.   June 14, 1916.)

1. DISMISSAL AND NONSUIT ⬤�singsym60(1)—FAILURE TO PROSECUTE—NOTICE OF TRIAL—OPENING DEFAULT—TERMS.

Where plaintiff brought separate actions on policies issued by several insurance companies, and the cases appeared on the calendar of Part 1, numbered consecutively, and after the first case was begun, it and the other cases, with the assent of plaintiff's counsel, were transferred to Part 2, the defendant, in the absence of due service of notice of trial, was not entitled to take the plaintiff's default for failure to prosecute the several actions, so that plaintiff was entitled to the opening of the default without terms.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140, 145, 146, 150, 151; Dec. Dig. ⬤⟨⟩60(1).]

2. JUDGMENT ⬤⟨⟩167—OPENING DEFAULT—TERMS.

Even if the default had been properly granted, the requirements that plaintiff should stipulate to try the other actions together deprived

---

⬤⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

plaintiff of a substantial right, and could not be imposed as part of the terms for opening the default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334; Dec. Dig. ⬦167.]

Appeal from City Court of New York, Special Term.

Action by Herman Wolfert against the Liverpool & London & Globe Insurance Company, Limited, of Liverpool, England. From so much of an order of the City Court as imposed conditions upon the opening of his default, plaintiff appeals. Order reversed, and motion to open default granted.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Louis B. Brodsky, of New York City, for appellant.

Cardozo & Nathan, of New York City (Michael H. Cardozo, Jr., of New York City, of counsel), for respondent.

GUY, J.   The plaintiff brought nine separate actions in the court below on policies issued by nine insurance corporations, including the defendant, to recover for losses sustained by fire to his stock, machinery, and fixtures. After several adjournments the cases appeared on the calendar of Part 1 on March 30, 1916, and were numbered upon that calendar from 10637 to 10645, inclusive. On that date in Part 1 the trial of the first of plaintiff's cases, being the one against the Glens Falls Insurance Company, was begun, and as it was unfinished on Friday, March 31st, the last day of the term, the trial was adjourned to Monday, April 3, 1916, at Trial Term, Part 2, and resulted in a verdict for the plaintiff for the full amount claimed, with interest.

On the following morning, April 4th, the remaining eight cases, of which this case was the first, were called for trial by the same justice in Part 2, and the plaintiff's counsel stated that he was not ready to proceed with the trial, owing to the absence of several material and necessary witnesses, that he and his client were tired and fatigued as a result of the trial in the Glens Falls Case, that the plaintiff was in no physical condition to undergo the strain of the trial at that time, and he also urged that the cases were not properly before the justice on the calendar of Part 2. No notice of trial had been served by defendant upon plaintiff in any of these actions. The presiding judge denied the motion for an adjournment and dismissed the eight cases, upon the ground, as stated in an order dated April 6, 1916, of plaintiff's failure to prosecute the several actions. Plaintiff thereupon moved to open the default, and the relief asked for was granted, upon condition that the plaintiff pay a trial fee in each case, and that he stipulate to try the eight actions as one, separate verdicts to be rendered against each defendant.

[1, 2] The trial justice, being the same justice who made the order appealed from, has found as a fact that the plaintiff's counsel assented to the transfer of all of the cases to Part 2, and that they were regularly on that calendar when they were called for trial. Such assent, however, did not place defendant, in the absence of due service of a notice of trial, in a position where it was entitled to take the default of the plaintiff upon failure of plaintiff to appear or upon

plaintiff's refusal to proceed with the trial. The granting of the motion for judgment based upon plaintiff's default was therefore erroneous, and plaintiff was entitled to an opening of said default without terms. Even had the default been properly granted, the requirement that plaintiff should stipulate to try the eight actions together as one deprived plaintiff of a substantial right, and could not be properly imposed as part of the terms for opening the default.

. The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to open the default granted, without costs.

BIJUR, J., concurs. PHILBIN, J., not sitting.